IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LONNIE CLAYTON WARD,
  Plaintiff,

vs.              5:08cv179/RS/MD

HOLMES COUNTY JAIL and
MEDICAL STAFF,
  Defendants.

---

REPORT AND RECOMMENDATION

  This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1).  Leave to proceed *in forma pauperis* is being granted by separate order.

  Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless."  *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682*,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.   See *Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).  Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level."   *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.))  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff stated in his complaint that he has been incarcerated at the Holmes County Jail for nine months.  He states that during this time he became depressed, and he voluntarily began taking other people's medications.  Taking all of those medications

"messed [him] up," and neither his body nor his mind functions the way it used to or should. Plaintiff states that he needs help, because his taking the medication that was not prescribed to him has caused him to become paranoid, to suffer from sleeplessness, hallucinations and memory loss. He faults the jail medical staff[1] for not passing out medications properly, which allowed him to have access to other people's medications, again which medications he voluntarily chose to take. In his statement of claim, plaintiff asserts that he brings his cause of action for "negligence" and "mental anguish." He seeks medical attention and $500,000 in damages.

Plaintiff's complaint certainly fails to state a constitutional claim and it would not require a stretch to construe it as frivolous. He essentially faults the named defendants for negligently failing to prevent him from taking voluntary actions that harmed him. There is no indication in from the allegations in the complaint that plaintiff's actions were foreseeable, particularly given that they required the intervention or cooperation of third parties–the inmates whose medications the plaintiff purports to have consumed. Even if the plaintiff could somehow show causation, he makes no allegations of deliberate indifference or malicious intent, only negligence, which does not rise to the level of an Eighth Amendment violation. See *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000). Plaintiff's attempt to obtain monetary damages as a result of his own voluntary actions is disingenuous, and even liberally construed his allegations fail to state a claim.

Furthermore, the Holmes County Jail is not a proper defendant. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing FED.R.CIV.P. 17(b)). In Florida, there is no such legal entity as the "Okaloosa County Jail." Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff. FLA. CONST. ART. VIII, §§ 1 (a) and (d). However, no provision is made constitutionally or statutorily for a county jail facility as a

---

[1] Plaintiff does not identify specific individuals as defendants.

Case No: 5:08cv179/RS/MD

separate legal entity, as an agency of the county, or as a corporate entity, nor is a county jail given authority to be sued in such a name.  *See Eddy v. City of Miami*, 715 F.Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); *Shelby v. City of Atlanta*, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984) (same); *Heckman v. Hall*, 2007 WL 2175919 at *3 (N.D. Fla. 2007) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office), *adopted*, 2007 WL 2428487 (N.D. Fla. 2007); *Avant v. Rice*, 1992 WL 359633 at *6 (M.D. Fla. 1992) (same); *Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979) (same).  For claims against a county jail, the appropriate defendant is the Sheriff in his official capacity.  *See Mitchell v. Untreiner*, 421 F.Supp. 886, 888 (N.D. Fla. 1976) (referring to the sheriff as "the Chief Jailer" of the county jail); *Avant v. Rice, supra*.

As plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 6th day of June, 2008.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:08cv179/RS/MD*